UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,


      v.                              06-cv-1426
                                         [3:00-CR-187]

WAYNE WINT,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

Defendant Wayne Wint moves pursuant to 28 U.S.C. § 2255 to vacate and set aside his sentence from narcotics convictions.  Defendant was convicted of conspiracy to commit narcotics violations in violation of 21 U.S.C. §§ 846 and 841(a).  In a written plea agreement, Plaintiff pleaded guilty to involvement in the conspiracy.  Defendant also agreed in the plea agreement that he had a prior state felony narcotics conviction stemming from March 1997.  The government and Defendant agreed that the prior conviction was related conduct to the charge which was the subject of the plea.  Defendant further acknowledged that if the prior charge was to be considered a prior narcotics felony conviction under 21 U.S.C. § 841(b)(1)(A), he would be sentenced to a mandatory minimum of twenty years in prison.  Defendant reserved the right to appeal this specific issue only.

In August 2001, Defendant was sentenced to twenty years based on the plea agreement and prior conviction.  Defendant was notified at the sentencing proceeding that he might be able to appeal certain issues and had ten days to do so.  Defendant did not file a

timely notice of appeal.  Defendant later filed an application for leave to file a late notice of appeal, which application was denied.  With the help of a new attorney, Defendant filed a § 2255 motion to vacate the conviction and sentence on the grounds that his attorney during the plea agreement and sentencing did not file an appeal within the ten days after sentencing. As a result of that motion, the court concluded that Defendant's counsel had not followed his wishes to appeal.  The court vacated the sentence and re-sentenced Defendant to twenty years in prison.  This allowed Defendant to file a timely notice of appeal.

With the help of another attorney, Defendant appealed to the Second Circuit Court of Appeals.  The Second Circuit affirmed Defendant's conviction.  Defendant's counsel then filed a Writ of Certiorari to the United States Supreme Court.  This petition was denied in November 2005.

Defendant filed the instant motion to vacate his sentence on November 27, 2006. In his motion, he asserts four arguments.  First, he asserts that the district court erred when it imposed a twenty-year mandatory minimum sentence based on Defendant's prior conviction. Second, he argues that his Fifth Amendment rights should have been invoked by the court to avoid self-incrimination during the first § 2255 hearing.  Defendant also claims that he was entitled to a jury trial regarding the factual issues involved in the determination of whether the state conviction constituted a prior conviction.  Finally, defendant contends that because § 841(B)(1)(A) does not define "prior conviction" the court should have used the language of te Sentencing Guidelines.

As an initial matter, each of the issues now raised by Defendant were already decided by the Second Circuit on appeal.  A § 2255 motion cannot be used to "relitigate

questions which were raised and considered on direct appeal." United Staets v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). For this reason alone, Defendant's motion must be denied.

Turning to the merits of Defendant's motion, Defendant argues that the Court erred when it imposed a twenty-year mandatory minimum sentence based on the prior conviction. Defendant erroneously relies on Shepard v. United States, 544 U.S. 13 (2005), to support his argument that factual findings regarding prior convictions should be proven to a jury beyond a reasonable doubt. Contrary to Defendant's argument, the court in Shepard held that "any fact other than a prior conviction sufficient to raise the limit of the possible federal sentence must be found by a jury." Shepard, 544 U.S. at 24 (emphasis added). This is consistent with the Supreme Court's opinions in both Apprendi v. New Jersey, 530 U.S. 466 (2000), and Jones v. United States, 526 U.S. 227 (1999). Therefore, the Court did not engage in any unnecessary or unconstitutional fact-finding with regard to Defendant's prior conviction.

Defendant also argues that the Court should have stopped him from testifying in his own behalf at the previous § 2255 hearing when Defendant's counsel presented evidence through this testimony. However, the motion to vacate was granted on the grounds that Defendant's counsel was ineffective with regard to filing a timely notice of appeal. The re-sentencing of Defendant was based on the same facts as the first sentence.

Defendant contends that a jury should have determined whether a factual basis existed to prove that he continued to participate in the federal conspiracy after his release from state prison. However, prior to his original sentencing in 2001, the government provided discovery to Defendant to show that there was sufficient evidence implicating him in the federal conspiracy after his release from prison. This evidence included copies of checks and wire transfers demonstrating that co-conspirators wired money to Defendant and witnesses

who were ready to testify to his activity in the conspiracy.  As a result, Defendant acknowledged that his involvement in the conspiracy continued after he was released from state prison and withdrew his request for a sentencing hearing.  Further, the Second Circuit has held that "a defendant's sentence must therefore be enhanced if there is 'continued involvement' in criminality subsequent to the prior conviction."  United States v. Martino, 294 F.3d 346, 351 (2002) (quoting United States v. Howard, 115 F.3d 1151, 1158 (1997)).  In this case, Plaintiff's continued involvement in the conspiracy was proper grounds to enhance his sentence.

Finally, Defendant argues that § 841(B)(1)(A) does not define what constitutes a prior conviction and urges the Court to accept the definition of "prior conviction" in the Sentencing Guidelines.  Defendant was sentenced to the statutory mandatory minimum sentence without regard to the Guidelines range.

For the foregoing reasons, Defendant's motion to vacate and set aside his sentence is DENIED.

IT IS SO ORDERED.

Dated:February 8,2007

Thomas J. McAvoy
Senior, U.S. District Judge

- 4 -