**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-v-**　　　　　　　　　　　　　　　　　　　　　　**3:00-CR-187**

**WAYNE WINT,**

                    **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I.    INTRODUCTION**

    Defendant Wayne Wint was convicted upon his guilty plea of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in violation of 21 U.S.C. § 846. The quantity of cocaine base involved was 50 or more grams and Wint had a prior state felony narcotics conviction.[1] At sentencing on August 20, 2001, the Court imposed the statutory mandatory minimum term of imprisonment of 20 years (240 months) pursuant to 21 U.S.C. §§ 846 and 841 (b)(1)(A). See Judgment of Conviction, dkt. # 489. The statutory minimum sentence far exceeded Defendant's presumptive sentencing range under the United States Sentencing Guidelines ("U.S.S.G."). Id.[2]

---

[1] In a written plea agreement, Defendant agreed that he had a prior state felony narcotics conviction stemming from March 1997. The government and Defendant agreed that the prior conviction was related conduct to the charge which was the subject of the plea. Defendant further acknowledged that if the prior charge was to be considered a prior narcotics felony conviction under 21 U.S.C. § 841(b)(1)(A), he would be sentenced to a mandatory minimum of twenty years in prison. Defendant reserved the right to appeal this specific issue only.

[2] Defendant's U.S.S.G. Total Offense Level was a 31 and his Criminal History Category was a II, yielding a U.S.S.G. sentencing range of 121-151 months.

1

Thereafter, Wint filed a motion pursuant to 28 U.S.C. § 2255 asserting, *inter alia*, that his trial counsel was constitutionally ineffective for failing to file a timely notice of appeal from his conviction. See 225 Motion, dkt. # 508.  After holding a hearing, the Court granted Wint's § 2255 motion and re-sentenced him to the same sentenced as was imposed on August 20, 2001. See 7/28/04 Minute Entry, dkt. # 589; Amended Judgment of Conviction, dkt. # 591.

Wint then appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. Notice of Appeal, dkt. # 590.  On July 25, 2005, the Second Circuit affirmed the conviction and sentence.  See 2nd Cir. Summary Order, dkt. # 665.  On November 27, 2008, Wint filed a § 2255 motion seeking to vacate his sentence imposed pursuant to the Amended Judgment of Conviction. See § 2255 motion, dkt. # 680.  This Court denied the motion on February 8, 2007.  See Decision & Ord., dkt. # 688.

On May 5, 2008, Wint filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G.  § 1B1.10, in light of Amendment 706 to the United States Sentencing Guidelines which reduced the base offense level for most cocaine base (crack cocaine) offenses. See Def. § 3582(c)(2) Motion, dkt. # 743.  He also filed a "supplemental motion" arguing that, once the Court reconsiders his sentence under § 3582(c)(2), it should reduce his sentence even further based upon post-sentencing family circumstances, post-sentencing rehabilitation, and a disparity in his sentence compared to defendants sentenced after United States v. Booker, 125 S. Ct. 738 (2005), United States v. Crosby, 397 F. 3d 103, 113 (2d Cir. 2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007).  See Suppl. Motion, dkt. # 744.

On June 16, 2008, Wint filed a motion pursuant to 28 U.S.C. § 2244 "and/or" Fed.

R. Civ. P. 60(b) asserting, as yet another "supplement" to his § 3582(c)(2) Motion, that, for various reasons, the Court "must . . . dismiss the defendant's conviction and indictment . . . ." See Def. § 2244/ Rule 60(b) Motion, dkt. # 748.

On June 27, 2008, Wint filed a "Motion for Enforcement and Further Relief" seeking (1) to be produced in court on the return date of his pending motions; (2) the appointment of a private investigator to interview Grand Jurors; and (3) a stay of proceedings or an enlargement of time in which to reply to the Government's opposition to his motion. See Motion for Enforcement and Further Relief, dkt. # 749. On July 7, 2008, the Court issued an Endorsed Order denying the application to be produced in court and a stay or to extend his time to reply. See Endorsed Order, dkt. # 750. The Court took under advisement his application for a private investigator. Id.

On August 21 and August 25, 2008, Wint filed separate motions to strike the Government's opposition to his pending motions. See dkt. #s 766, 763. On August 25, 2008, Wint filed a "Motion for Summary Judgment" relative to his Rule 60(b) motion. See dkt. # 764. He also filed a reply to the Government's opposition to his Rule 60(b) motion. Dkt. # 765.

## II. DISCUSSION

### a. Defendant's Motions to Strike Documents - dkt. # s 763 & 766

Defendant's motions to strike the Government's memoranda of law relative to his pending motions, dkt. # s 763 & 766, are **DENIED**. Defendant clearly received the challenged documents. He offers no meritorious reason why the documents should be stricken.

3

**b.     Defendant's § 3582(c)(2) Motion - dkt. # 743.**

The Court next turns to Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)**, upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2)(emphasis added).

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)").  This provides in pertinent part:

> (a) <u>Authority</u>. -
>
> * * *
>
> (2) <u>Exclusions.</u> -  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
> * * *
>
> (B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation.</u>—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

Where a particular case involves a statutory mandatory minimum sentence that exceeds the applicable Guidelines range, the Court must set the Guidelines sentence at the statutorily required minimum. U.S.S.G. § 5G1.1(b); see United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008).  Thus, when a defendant has a Guidelines range below the mandatory minimum *before* applying U.S.S.G. § 5G1.1(b), the Guidelines sentence *becomes* the statutory mandatory minimum. See  U.S.S.G. § 5G1.1(b)("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, **the statutorily required minimum sentence shall be the guideline sentence**.")(emphasis added); see also Johnson, 517 F.3d at 1024.

The retroactive crack cocaine sentencing amendment, which affects only the Guidelines sentence (not the statutory sentence), offers Defendant no help.  Johnson, 517 F.3d at 1024.  The Guidelines sentence - either before or after application of the crack cocaine sentencing amendment - is still the statutory mandatory minimum. If the retroactive crack sentencing amendment would not change the Guidelines sentence, then "[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range." Johnson, 517 F.3d at 1024; see U.S.S.G. § 1B1.10(a)(2)(B).  Accordingly, "[a]  reduction in the defendant's term of imprisonment is not consistent with [the applicable]  policy statement **and therefore is not authorized under 18 U.S.C. § 3582(c)(2).**" U.S.S.G. § 1B1.10(a)(2)(emphasis added); see also Johnson, 517 F.3d at 1024.   Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

### c. Defendant's Supplemental Motions - dkt. #s 744 & 748

Inasmuch as Defendant's 18 U.S.C. § 3582(c)(2) motion is denied, there is no reason to revisit his sentence. Accordingly, Defendant's springboard Supplemental Motions, dkt. # 744 & 748, are also **DENIED**.

### d. Defendant's § 2244/ Rule 60(b) Motion - dkt. # 748.

To the extent that Defendant's § 2244/ Rule 60(b) Motion, dkt. # 748, rest on a basis independent from his § 3582(c)(2) motion, the motion must be denied. When presented with a Rule 60(b) motion after the denial of a § 2255 motion, courts in the Second Circuit must first determine whether the petitioner is attacking the underlying criminal proceeding, or attacking the subsequent habeas proceeding. See Hines v. United States, 2006 WL 13013 (Jan. 3, 2006)(Scullin, C.J.).[3] Where the Rule 60(b) application challenges "the underlying criminal matter rather than the prior habeas proceeding, the Rule 60(b) motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')." Id. (quotation marks and citations omitted); see 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); see also Gonzalez v. Sec'y, Dept. of Corrections, 366 F.3d 1253, 1263 (11th Cir. 2004)(*en banc*)(The category most frequently seen are "second or successive § 2255 motions or § 2254 petitions cross-dressed as Rule 60(b) motions."); Espinal v. U.S., 2006 WL 163179,

---

[3] Judge Scullin wrote in Hines:

> In Harris v. United States, 367 F.3d 74 (2d Cir. 2004), the Second Circuit noted that federal district courts must examine Rule 60(b) motions filed in the context of § 2255 applications in order to ascertain whether the claims asserted therein "'relate[ ] to the integrity of the federal habeas proceeding [or] the integrity of the ... criminal trial.' " Id. at 80 (quotation omitted); see also Gitten v. United States, 311 F.3d 529, 531-32 (2d Cir. 2002)).

Hines, 2006 WL 13013, at * 2.

at *2 (S.D.N.Y. 2006)("[I]n the habeas context, relief under Rule 60(b) is available 'only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction.'")(citing Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004)).

> Ordinarily, "when a petitioner ignores the 1996 amendment [to § 2255] by filing a second or successive § 2255 petition without first obtaining [Court of Appeals'] authorization, 'the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice.'" Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998)(quoting []Liriano, 95 F.3d at 123). However, where a district court concludes that a Rule 60(b) motion should be construed as a second or successive § 2255 motion, transferring the Rule 60(b) motion to the Second Circuit without notice to the petitioner "risks adverse consequences that [the petitioner] might wish to avoid." Gitten, 311 F.3d at 533.

Hines, at * 2.

Instead, "a proper means for a district court to address a Rule 60(b) motion, which in reality is a second or successive § 2255 motion, is to 'simply deny[ ], as beyond the scope of Rule 60(b), ... the portion believed to present new attacks on the conviction.'" Id. at * 3 (quoting Gitten, 311 F.3d at 534). That approached will be followed here. Defendant does not attack the integrity of his prior habeas proceeding in his § 2244/ Rule 60(b) Motion, but rather attacks the underlying criminal proceeding and his subsequent conviction. Consequently, his arguments are in the nature of a second or successive § 2255 petition. Because he has not obtained authorization from the United States Court of Appeals for the Second Circuit for the motion, the entire motion must be denied as beyond the scope of Rule 60(b). Accordingly, Defendant's § 2244/ Rule 60(b) Motion, dkt. # 748, the motion is **DENIED**.

### e. Defendant's Motion for a Private Investigator - dkt. # 749.

Because Defendant's motion challenging his indictment is denied, there is no need for the appointment of a private investigator. The motion in this regard, dkt. # 749, is **DENIED**.

### f. Defendant's Motion for Summary Judgment - dkt. # 764.

Likewise, because Defendant's Rule 60(b) motion is denied, his summary judgment motion relative to the claims underlying the Rule 60(b) motion is rendered moot. Accordingly, Defendant's Motion for Summary Judgment, dkt. # 764, is **DENIED**.

## III. CONCLUSION

For the reasons set forth above:

Defendant's Motions to Strike Documents, dkt. # s 763 & 766, are **DENIED**;

Defendant's § 3582(c)(2) Motion, dkt. # 743, is **DENIED**;

Defendant's Supplemental Motion, dkt. # 744, is **DENIED**;

Defendant's § 2244 / Rule 60(b) Motion, dkt. # 748, is **DENIED**;

Defendant's Motion for a Private Investigator, dkt. # 749, is **DENIED**;

Defendant's Motion for Summary Judgment, dkt. # 764, is **DENIED**.

**IT IS SO ORDERED.**

DATED:  September 15, 2008

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge